UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. CLAYTON,

        *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant*.
_____/

CASE NO. 15-12249
DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON CROSS MOTIONS FOR SUMMARY JUDGMENT (Docs. 11, 13)**

**I.     RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. 11) be **GRANTED**, the Commissioner's Motion (Doc. 13) be **DENIED**, and that this case be **REMANDED** for administrative reconsideration under sentence four of § 405(g).

**II.    REPORT**

    **A.     Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to the undersigned magistrate judge for the purpose of reviewing a final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claims for the Disability Insurance Benefits ("DIB") program of Title II, 42 U.S.C. § 401 *et seq*. and the Supplemental Security Income ("SSI") program of

Title XVI, 42 U.S.C. § 1381 *et seq.* (Doc. 6; Tr. 1-3). The matter is currently before the Court on cross-motions for summary judgment. (Docs. 11, 13.)

Plaintiff Angela Clayton was 50 years old at the most recent administrative hearing. (Tr. 33, 60.). Her applications for benefits were initially denied on September 18, 2012. (Tr. at 137, 138.) The Commissioner considered disorders of the back, discogenic and degenerative, as a potential basis for disability, finding the evidence of COPD insufficient. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place before ALJ Kevin Falls on February 5, 2014. (Tr. at 58-95.) A previous hearing was held on September 21, 2009, and a decision dated November 20, 2009, found Plaintiff not disabled as of the date of the decision. (Tr. 29-57, 96-108.) Plaintiff, represented by attorney Robert McDonald, testified, as did vocational expert ("VE") Judith Findora. (Tr. 60.) On March 28, 2014, the ALJ issued a written decision in which he found Plaintiff not disabled. (Tr. 9-28.) On June 13, 2015, the Appeals Council denied review. (Tr. 1-5). Plaintiff filed for judicial review of that final decision on June 22, 2015. (Doc. 1).

    **B.**     **Standard of Review**

The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). The district court's review is restricted solely to determining whether the "Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)

2

(internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted).

The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *See Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989). The Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Id.* at 286 (internal citations omitted).

### C. Framework for Disability Determinations

Under the Act, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means the inability

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI). The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his or] her impairments and the fact that she is precluded from performing [his or] her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The burden transfers to the Commissioner if the analysis reaches the fifth step without a finding that the claimant is not disabled.

4

*Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given [his or] her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers*, 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.  ALJ Findings

Following the five-step sequential analysis, the ALJ found Plaintiff not disabled under the Act. (Tr. 23-24.) The ALJ found at Step One that Plaintiff met the insured status requirements through December 31, 2007, and had not engaged in substantial gainful activity following the alleged onset date, July 3, 2012. (Tr. 14.) At Step Two, the ALJ concluded that Clayton had the following severe impairments: "degenerative disc disease of the cervical and lumbar spines, degenerative joint disease of the right hip, rheumatoid arthritis, and chronic obstructive pulmonary disease[.]" (Tr. 15.) At Step Three, the ALJ found that Plaintiff's combination of impairments did not meet or equal one of the listed impairments. (Tr. 16-17.) The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. (Tr. 17-22.) At Step Four, the ALJ found that Plaintiff was not able to return to her past relevant work as an assembler. (Tr. 22.) At Step Five, the ALJ found that Plaintiff could perform several positions which exist in substantial numbers in the national economy. (Tr. 22-23.)

5

**E.     Governing Law**

As indicated above, a decision dated November 20, 2009, found Plaintiff not disabled as of the date of the decision. (Tr. 96-108.) Although neither party argued the issue, in the Sixth Circuit, a prior decision by the Commissioner can preclude relitigation in subsequent cases.

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-4(6), 1998 SSR LEXIS 5, at *9, 1998 WL 283902, at *3 (acquiescing to *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997)). The regulations also explicitly invoke *res judicata*: An ALJ can dismiss a hearing where "res judicata applied in that we have a previous [final] determination or decision under this subpart about your rights." 20 C.F.R. §§ 404.957, 416.1457. Collateral estoppel is the branch of *res judicata* applied in this context. As the Third Circuit explained, *res judicata* formally "consists of two preclusion concepts: issue preclusion and claim preclusion." *Purter v. Heckler*, 771 F.2d 682, 689 n.5 (3d 1985); *see also Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998) (Posner, J.) (discussing the "collateral estoppel branch of res judicata" in social security cases). Claim preclusion prevents renewing a judgment on the same cause of action; issue

6

preclusion, or collateral estoppel is less expansive: "foreclosing relitigation on all matters that were actually and necessarily determined in a prior suit." *Purter*, 771 F.2d at 689 n.5.

The *res judicata* effect of past ALJ decisions is actually a form of collateral estoppel precluding reconsideration of discrete factual findings and issues. *See Brewster v. Barnhart*, 145 F. App'x 542, 546 (6th Cir. 2005) ("This Court will apply collateral estoppel to preclude reconsideration by a subsequent ALJ of factual findings that have already been decided by a prior ALJ when there are no changed circumstances requiring review."). The Commissioner's internal guide explains the different issues and factual findings precluded by *res judicata* under *Drummond*. *Soc. Sec. Admin., Hearings, Appeals, and Litigation Law Manual*, § I-5-4-62, 1999 WL 33615029, at *8-9 (Dec. 30, 1999). These include the RFC and various other findings along the sequential evaluation process, such as "whether a claimant's work activity constitutes substantial gainful activity," whether she has a severe impairment or combination of impairments, or whether she meets or equals a listing. *Id.*

Evidence of "changed circumstances" after the prior decision allows the ALJ to make new findings concerning the unadjudicated period without disturbing the earlier decision. *See Bailey ex rel. Bailey v. Astrue*, No, 10-262, 2011 U.S. Dist. LEXIS 110437, 2011 WL 4478943, at *3 (E.D. Ky. Sept. 26, 2011) (citing *Drummond*, 126 F.3d at 842-43). In other words, even though the first ALJ did not make any findings concerning later periods, her decision still applies to those periods absent the requisite proof. Thus, as applied in this Circuit, the AR 98-4(6) and *Drummond* essentially create a presumption

7

that the facts found in a prior ruling remain true in a subsequent unadjudicated period unless "there is new and material evidence" on the finding. *See Makinson v. Colvin*, No. 5: 12CV2643, 2013 U.S. Dist. LEXIS 110513, 2013 WL 4012773, at *5 (N.D. Ohio Aug. 6, 2013) (adopting Report & Recommendation) ("[U]nder *Drummond* and AR 98-4(6), a change in the period of disability alleged does not preclude the application of *res judicata*." (citing *Slick v. Comm'r of Soc. Sec.*, No. 07-13521, 2009 U.S. Dist. LEXIS 3653, 2009 WL 136890, at *4 (E.D. Mich. Jan. 16, 2009))); *cf. Randolph v. Astrue*, 291 F. App'x 979, 981 (11th Cir. 2008) (characterizing the Sixth Circuit's rule as creating a presumption); *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) ("The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985))).

In *Drummond*, for example, the court held that the first ALJ's RFC applied to a subsequent period unless the circumstances had changed. 126 F.3d at 843; *see also Priest v. Soc. Sec. Admin.*, 3 F. App'x 275, 276 (6th Cir. 2001) (noting that in order to win benefits for a period after a previous denial, the claimant "must demonstrate that her condition has so worsened in comparison to her condition [as of the previous denial] that she was unable to perform substantial gainful activity"); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232-33 (6th Cir. 1993) (same). The Sixth Circuit made this clear in *Haun v. Commissioner of Social Security*, rejecting the argument that

*Drummond* allowed a second ALJ to examine *de novo* the unadjudicated period following the first denial. 107 F. App'x 462, 464 (6th Cir. 2004).

To overcome the presumption that the claimant remains able to work in a subsequent period, the claimant must proffer new and material evidence that her health declined. The Sixth Circuit has consistently anchored the analysis on the comparison between "circumstances existing at the time of the prior decision and circumstances existing at the time of the review . . . ." *Kennedy v. Astrue*, 247 F. App'x 761, 768 (6th Cir. 2007). In a case predating *Drummond*, the court explained. "[W]hen a plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity." *Casey*, 987 F.2d at 1232-33. Later, it reiterated, "In order to be awarded benefits for her condition since [the previous denial], Priest must demonstrate that her condition has . . . worsened in comparison to her [previous] condition . . . ." *Priest*, 3 F. App'x at 276. The ALJ must scan the medical evidence "with an eye toward finding some change from the previous ALJ decision . . . ." *Blackburn v. Comm'r of Soc. Sec.*, No. 4:1-cv-58, 2012 U.S. Dist. LEXIS 183493, 2012 WL 6764068, at *5 (E.D. Tenn. Nov. 14, 2012), *Report & Recommendation adopted by* 2013 U.S. Dist. LEXIS 550, 2013 WL 53980, at *1 (Jan. 2, 2013). That is, the evidence must not only be new and material, but also must show deterioration. *Drogowski v. Comm'r of Soc. Sec.*, No. 10-12080, 2011 U.S. Dist. LEXIS 115925, 2011 WL 4502988, at *8 (E.D. Mich. July 12, 2011), *Report & Recommendation adopted by* 2011 U.S. Dist. LEXIS 110609, 2011 WL

4502955, at *4 (Sept. 28, 2011). In *Drogowski*, for example, the court rejected the plaintiff's argument that a report met this test simply because it was not before the first ALJ. 2011 WL 4502988 at *2, 8-9. These decisions make clear that the relevant change in circumstances is not a change in the availability of evidence but a change in Plaintiff's condition.

*Res judicata* is not a complete bar on reconsidering prior decisions or determinations: the regulations provide two mechanisms for such reexamination that escape the doctrine's effects. *Purter*, 771 F.2d at 691-93 (discussing reopening as an exception to claim preclusion). The first, less important to *res judicata* case law, occurs just after the initial determination, when the claimant's first step in the review process is sometimes a request for "reconsideration" of that decision. 20 C.F.R. §§ 404.907, 416.1407.

The more critical and complicated mechanism is reopening a prior ALJ decision. The regulations allow the Commissioner, through an ALJ or Appeals Council, to peel back the determination or decision and revise it. 20 C.F. R. §§ 404.987, 404.992, 416.1487, 416.1492. The claimant or the Commissioner can initiate the process. *Id.* The reopening of a determination or decision can occur "for any reason" within twelve months of the notice of the initial determination, but "good cause" must exist if the reopening occurs within two years of the initial determination for SSI claims and four years for DIB claims. *Id.* §§ 404.988, 416.1488. A DIB claim can also be reopened at any time under a few scenarios not relevant to the instant case. *Id.* § 404.988(c). Good cause

10

exists, among other reasons, if "[n]ew and material evidence is furnished" for either type of claim, SSI or DIB. *Id.* §§ 404.989, 416.1489. If a determination or decision is reopened, *res judicata* does not apply. *Kaszer v. Massanari*, 40 F. App'x 686, 690 (3d Cir. 2002).

The decision whether to reopen, unless it implicates a colorable constitutional issue, evades judicial review: courts can only review the Commissioner's final decisions made after a hearing. 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977) (holding that Commissioner's decision not to reopen is unreviewable). A decision not to reopen does not meet those requirements. However, courts can review the case "to determine whether *res judicata* has been properly applied to bar the pending claim or whether, even though *res judicata* might properly have been applied, the prior claim has nevertheless been reopened." *Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999); *see also Kaszer,* 40 F. App'x at 690 ("But 'we will examine the record to determine whether or not a reopening has occurred.'" (quoting *Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987))). Implicit reopenings occur, with unfortunate frequency, where the ALJ does not explicitly reopen the case, but crafts a decision that appears to constructively do so. *Gay v. Comm'r of Soc. Sec.*, 520 F. App'x 354, 358 (6th Cir. 2013). As the Sixth Circuit lamented,

> If an ALJ intends to reopen prior decisions, he or she should say so, say why, and cite the appropriate regulation that permits reopening. If an ALJ intends instead to adjudicate only the subsequent period in light of changed circumstances, he or she should make this approach clear and cite the

11

appropriate cases and acquiescence rulings. Regardless of which path the ALJs take, they must clearly state their approach.

*Id*. The ALJ's decision there was too muddled to determine whether it worked a reopening, and consequently the court remanded. *Id.* at 358-59; *see also Haddix v. Astrue*, No. 10-30, 2010 U.S. Dist. LEXIS 120887, 2010 WL 4683766, at *1-4 (E.D. Ky. Nov. 12, 2010) (remanding where ALJ's decision was unclear).

Constructive reopenings are found where the ALJ reviewed the entire record including the portions from the already adjudicated period, and decided "the merits of the claim." *Tobak*, 195 F.3d at 186. Thus, the Sixth Circuit found a reopening where the ALJ considered the entire period "in light of the new evidence . . . ." *Wilson v. Califano*, 580 F.2d 208, 212 (6th Cir. 1978). An additional factor that could lead to finding an implicit reopening is the ALJ's failure to discuss the prior determination or the *res judicata* doctrine. *See Martin v. Comm'r of Soc. Sec.*, 82 F. App'x 453, 455 (6th Cir. 2003); *Crady v. Sec'y of Health & Human Servs.*, 835 F.2d 617, 620 (6th Cir. 1987). Nonetheless, an ALJ's review of old or new evidence does not necessarily signify a constructive reopening, for such a review would be required to decide against reopening as well as for it. *See Girard v. Chater*, 918 F. Supp. 42, 44-45 (D.R.I. 1996). The ALJ's discussion of new evidence likewise might relate to her independent determination of whether to grant benefits in the unadjudicated period, again indicated no reopening occurred. *See id.* at 44.

The ability to reopen, it must be recalled, is a power the regulations grant, thus whether it is done explicitly or implicitly it must meet certain requirements. 20 C.F.R. §§

12

404.987-404.996, 416.1487-416.1494. Chief among these is the two year (SSI) and four year (DBI) time limits for good cause reopenings. *Id.* §§ 404.988, 416.1488. Consequently, an ALJ is powerless to reopen a claim outside these periods and constructive reopenings beyond them are barred. *See Glazer v. Comm'r of Soc. Sec.*, 92 F. App'x 312, 315 (6th Cir. 2004) ("The concept of constructive reopening cannot extend beyond the scope of authority granted under the regulations. Because more than four years had passed since the denial of the original application, the Commissioner could not have constructively reopened Glazer's case." (citations omitted)).

### F. Analysis

In the instant case, it is not clear what approach the ALJ took with respect to the 2009 decision. There are three possibilities. First, the ALJ could have decided that *res judicata* barred consideration of the second application. Although he acknowledged the doctrine, the ALJ did not adopt the previous ALJ's holdings; instead, he conducted his own thorough review of the record, and found, among other things, severe impairments (Tr. 15, 101) and an RFC that differed from the 2009 decision (Tr. 17-22, 102-04.).

Second, the ALJ could have decided that changed circumstances, or new and material evidence, did exist, which would permit the ALJ to consider the merits of plaintiff's claim from November 20, 2009. *See Drummond*, 126 F.3d at 842-43. In this instance, it would be appropriate for him to review the previous ALJ's decision and medical records prior to November 20, 2009. *Kennedy*, 247 F. App'x at 768 (6th Cir. 2007.) The ALJ would not review the case *de novo*, but would determine whether

13

Plaintiff's "condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity." *Casey*, 987 F.2d at 1232-33. *Res judicata* would apply to the previous adjudication, and those findings would remain undisturbed. *Bailey*, 2011 WL 4478943, at *2. ALJ Fallis states his RFC conclusion, explains his findings, refers to the *Drummond* standard (Tr. 18,) but then states the "evidence of record shows that there has been a change in claimant's condition since the prior decision and that the substantial evidence of record supports the aforementioned residual functional capacity." (*Id.*) So, the ALJ found a change that he argues supports a new RFC finding but he does not discuss or support whether the evidence was new and material, or whether it showed deterioration of Plaintiff's condition such that the prior decision would not have preclusive effect. *Drogowski, supra*. Thus it is clear that he did not properly apply the changed circumstances approach.

Third, the ALJ could have constructively reopened Plaintiff's first application by reviewing it on the merits. *See Tobak*, 195 F.3d at 186. However, ALJ Fallis did not review the merits of the 2009 decision and expressly stated that he did not reopen that decision. (Tr. 12.)

In light of the ALJ's failure to analyze Plaintiff's claim under the *res judicata* standards, meaningful review is not possible and this error cannot be considered harmless. *Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2013 WL 6842571, at *7 (E.D. Mich. Dec. 27, 2013). Accordingly, I suggest the case be remanded under sentence four of § 405(g). In light of this recommendation, Plaintiff's issues regarding the RFC and

14

treating physician opinions need not be addressed. (Doc. 11.) *Bailey ex rel. Bailey v. Astrue*, No. 10-262-DLB, 2011 WL 4478943, at *5 (E.D. Ky. Sept. 26, 2011) ("Without more clarity from the ALJ, it is impossible to give meaningful review of either party's objections. The ALJ may choose one of three paths when considering a second application for disability benefits . . . . Regardless of the path the ALJ chooses, his opinion must clearly articulate his rationale so that the court may give meaningful judicial review. Because he has failed to do so, remand is warranted.").

### G.     Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 11) be **GRANTED**, the Commissioner's Motion (Doc. 13) be **DENIED**, and that this case be **REMANDED** for administrative reconsideration under sentence four of § 405(g).

### III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981.) The

parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 20, 2016          S/ Patricia T. Morris
                            Patricia T. Morris
                            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: May 20, 2016          By s/Kristen Krawczyk
                            Case Manager